In re GLAENZER.

(Circuit Court, S. D. New York. April 25, 1894.)

No. 599.

1. CUSTOMS DUTIES—CLASSIFICATION—FREE LIST—CABINETS AND COLLECTIONS OF ANTIQUITIES.

The "collections of antiquities" which are made free of duty by paragraph 524 of the act of October 1, 1890, include only collections of such antique articles as are commonly recognized to be suitable for "cabinet collections" according to the taste and usage of collectors of antiquarian and artistic curiosities,—that is, suitable to be assembled together in boxes, drawers, or like receptacles, or in any small apartment where articles of vertu, coins, and other bric-a-brac are usually deposited for exhibition, study, the gratification of personal taste, or other like purpose.

2. SAME—ANTIQUE TAPESTRIES.

Antique tapestries produced prior to the year 1700, imported by dealers in antiquities, to be placed among like articles owned and kept by them in their trade, or for sale, *held* to be dutiable at 44 cents per pound and 50 per cent. ad valorem, under paragraph 392 (woolen schedule) of the act of October 1, 1890, and not entitled to free entry under paragraph 524, as a collection of antiquities.

3. SAME—ORIENTAL RUGS.

An antique Oriental rug, owned by a third person, but imported by a dealer in antiquities, together with certain antique tapestries owned by himself, *held* to be free of duty, under paragraph 524 of the act of 1890. In re Glaenzer, 5 C. C. A. 225, 55 Fed. 642, followed.

4. SAME—PAINTINGS.

A painting on canvas, nine by three feet in dimensions, representing a mythological subject, and produced prior to the year 1700, which was imported, together with certain antique tapestries, by a dealer in antiquities, *held* to be dutiable at 15 per cent., under paragraph 465 of the act of 1890, as a painting, and not to be entitled to free entry, under paragraph 524, as part of a collection of antiquities.

This was an application by George A. Glaenzer, the importer of certain tapestries and paintings, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on said merchandise. Upon the tapestries the collector imposed a duty of 44 cents per

pound and 50 per cent. ad valorem, under paragraph 392 of the tariff act of October 1, 1890. Upon the paintings he imposed a duty of 15 per cent. ad valorem, under paragraph 465 of said act. His action, in respect to both classes of articles, was sustained by the board of appraisers.

The opinion of the board of general appraisers was as follows:

We find the following conclusions of fact in these cases: (1) The articles covered by the protest in case No. 10,909a were imported December 1, 1890, and consist of two pieces of antique tapestry, worth respectively 1,500 and 500 francs, and so invoiced, and composed of the material of worsted. (2) The articles embraced in case No. 10,985 consist of (1) one piece of tapestry, of Flemish production, a manufacture of wool and silk, the latter chief value, costing about 450 francs; and (2) one painting, on canvas, about nine by three feet in dimensions, representing some mythological subject, and costing 500 francs, both imported October 13, 1890, on the same vessel. (3) All of these articles we find were produced at a period prior to the year 1700. (4) They were imported by Messrs. Glaenzer & Co., who are decorators and dealers in antique articles, to be placed among like articles owned and kept by them in their trade, or for sale.

We further find from these premises, and from the evidence in the case, that the articles are not collections of antiquities, suitable for souvenirs or cabinet collections within the meaning of paragraph 524 of the new tariff act and consequently are not free of duty. This paragraph reads as follows: "Cabinets of old coins and medals, and other collections of antiquities, but the term 'antiquities' as used in this act shall include only such articles as are suitable for souvenirs or cabinet collections, and which shall have been produced at any period prior to the year seventeen hundred." The corresponding paragraph (669) in the act of 1883 reads: "Cabinets of coins, medals, and all other collections of antiquities." The present law has amended this paragraph by expunging the word "all," inserting the word "old" before "coins and medals," and by defining the word "antiquities," so as to make it embrace "only such articles as are suitable for souvenirs or cabinet collections" and antedate the year 1700. In addition to this requirement as to suitability there must be a "collection" or assemblage of such articles, so as to "make them attractive, or useful, or valuable, or otherwise desirable." Baumgarten v. Magone, 41 Fed. 770. A "souvenir" is a keepsake, or remembrance. A "cabinet" is defined by Worcester to be "a set of boxes or drawers for curiosities"; "any place in which things of value are hidden"; "a closet; a small room." The word is used, we think, in either of these significations, as indicated by the context of the paragraph in which it appears. The amendment effects quite a change in the meaning of the law as it formerly stood. Cabinets of old coins and medals are made free by name. Other collections of antique articles, that is of those produced prior to the year 1700, are also exempt from duty, if of a kind such as are commonly recognized as suitable to be presented by one person to another as a keepsake, or in token of remembrance, and intended to be kept for the sake of the giver. So the law makes free of duty such "collections" of articles as are commonly recognized to be suitable for "cabinet collections" according to the tastes and usage of collectors of antiquarian or artistic curiosities, that is, suitable to be assembled together in boxes, drawers, or like receptacles, or in any small apartment where articles of vertu, coins, and other bric-a-brac are usually deposited for exhibition, study, the gratification of personal taste or other like purpose. We adopt this construction of the new tariff law, for the reason that it seems to be demanded by the application of established canons of statutory construction. The word "cabinet" is twice used in the paragraph (524) under consideration. When the legislature uses the same word twice in the same law, and especially in one section or paragraph, the presumption is that they intend to use it in the same sense in each instance, unless there be something in the context to repel this inference. The law, in effect, exempts from duty "cabinets of old coins and medals" and other "cabinet collections" of the kind described. This means, we think, other cabinet col-

lections of a kindred kind to cabinets "of old coins and medals" under the principle of ejusdem generis, which restricts a general word following particular words in a statute to the same genus as those words.

This view is corroborated by the manifest meaning of the word "cabinet" as it is found in paragraph 712 of the free list, which reads as follows: "Specimens of natural history, botany and mineralogy, when imported for cabinets, or as objects of science, and not for sale." This construction moreover was given to paragraph 669 of the act of 1883, in U. S. v. Sixty-Five Terra Cotta Vases (Cir. Ct. South. Dist. N. Y.) 18 Fed. 508. In the Case of Robert Garrett, involving an antique oil painting, G. A. 185, and affirmed on appeal to the United States circuit court of Maryland, this board, following other authorities, rejected this rule of construction as applicable to the old law. But, in our opinion, the amendment to the law indicates a legislative intention to curtail the vast flood of importations which have been made under the designation of antiquities during the past decade, embracing, as they did, valuable pictures, tapestries, furniture and other articles, each often being worth many thousands of dollars, and used for furnishing the houses of those most able to pay a just revenue on them. Applying these principles, we are of the opinion that the articles in question are not free from duty as claimed, but are subject to the duty imposed by the collector. His decision in each case is accordingly affirmed.

In the foregoing cases the importers had due notice of the hearing, and appeared in person before the board.

[Signed]                           Henderson M. Somerville,
[Signed]                           George C. Tichenor,
[Signed]                           Wilbur F. Lunt,
               Board of United States General Appraisers.

Stephen G. Clarke, for importer.
Thomas Greenwood, Asst. Dist. Atty., for collector.

COXE, District Judge (orally). The decision of the board of general appraisers is affirmed as to each of these importations, except the antique Oriental rug owned by and imported for Mr. George F. Baker, by the "La Champagne," December 30, 1890. As to this importation the decision of the board is reversed in accordance with the decision of the United States circuit court of appeals in Re Glaenzer, 5 C. C. A. 225, 55 Fed. 642.